Contracts; disputes; default termination; waiver; forbearance; liguidaled damages; Government right to interest on excess reprocurvment costs; right of setoff for costs incurred by contractor after expiration of final delivery date.— On July 22,1968 plaintiff as low bidder was awarded a school construction contract for completion in 60 days as a crash project due to urgent need for school facilities in Japan for incoming Marine dependents. The completion date was twice deferred; the last deferment expiring on December 20,1968; however, plaintiff continued performance thereafter. The contract was terminated on January 8, 1969 for plaintiff’s default in performance and failure to make progress in the work. The Armed Services Board of Contract Appeals denied plaintiff’s consolidated appeals on March 31, 1971 and confirmed the termination' as well as the assessment of liquidated damages for delay and excess reprocurement costs. Plaintiff seeks Wunderlich Act review of the Board’s decision. Defendant relies on the finality and correctness of the Board’s decision, 'and counterclaims for a judgment for liquidated damages and excess reprocurement costs. Plaintiff contends that defendant, by its conduct both before and after the final revised delivery date of December 20, 1968 had waived plaintiff’s failure to deliver and had failed to establish a new delivery date. On November 1, 1973 Trial Judge C. Murray Bernhardt filed a recommended decision (reported in full at *859 19 CCF para. 82607) concluding, inter alia; that the Government’s forbearance did not constitute an advance waiver of future default in delivery because of the condition subsequent expressly imposed on the forbearance tender, i.e. a dramatic increase in plaintiff’s effort to overcome its progress failure by December 20, 1968. The trial judge also concluded that the period of forbearance was not so protracted, nor plaintiff’s performance efforts therein so impressive or costly, as to warrant a conclusion that the Board was in error in finding no waiver. On November 8,1974 the court issued the following order:
Before Coaven, Chief Judge, Nichols and Kashiwa, Judges.
order on plaintiuf’s motion and defendant’s cross-motion for summary judgment
Per Curiam :
This case comes before the court on the exceptions of the parties to the recommended- decision, filed November 1, 1973, by Trial Judge C. Murray Bernhardt pursuant to Rule 134(h), having been submitted to the court on the briefs and oral argument of counsel. This is a Wunderlich Act revieiv case, 41 U.S.C. §§ 321, 322.
Upon consideration of the trial judge’s recommended decision, copies of Avhich have been furnished to the parties, the court hereby affirms and adopts the said recommended decision as the basis of its judgment in this case with respect to the validity of the default termination. The court differs with the trial judge’s two exclusions from the award to the Government on its counterclaim and the trial judge’s denial of interest to the Government. The court does not subscribe to many of the statements made by the trial judge along the way, but these will not be taken up in detail. The result is that we affirm in toto the decision of the Armed Services Board of Contract Appeals, Simplex Mfg. Corp., 71-1 BCA ¶8814, and determine that it is free from legal error, not arbitrary or capricious, and is supported by substantial evidence.
We reverse the trial judge on his denial of interest to the Government. Since the contract provided for 6% interest, since the Government has sought interest in its pleadings, *860 and since the plaintiff does not deny the Government’s right to interest, we award interest as specified in the contract.
We also reverse the trial judge on his allowance of two exclusions from the Government’s damages, as assessed by the Board, namely: (1) the setoff for costs incurred by contractor after December 20,1968, and (2) the reduction in the liquidated damages for the period between the making of the reprocurement contract and actual delivery under the reprocurement contract.
In the first place, neither of these two exclusions was briefed or argued before the Board of Contract Appeals. Rather, both exclusions originated, sua sponte, with the trial judge’s opinion. And even now plaintiff relies on the exclusions primarily as grounds to reverse the entire trial judge’s decision for the Government. Thus the Government correctly cites our decision in Briscoe v. United States, 194 Ct. Cl. 866, 876, 442 F. 2d 953, 959 (1971) ; and Ace Constr. Co. v. United States, 185 Ct. Cl. 487, 502, 401 F. 2d 816, 825 (1968), as holding that in a Wunderlich Act case t'he plaintiff waived his right to these exclusions by failing to argue for them before the Board of Contract Appeals.
Other factors also militate against granting these exclusions. The fact that the Government took 11 working days from default date of December 20, during the Christmas-New Year holiday vacation period, to get the termination notice to plaintiff, the fact that the Government had given plaintiff 3 months forbearance on a 2-month contract (in wartime too), and the inconsistency of the cost setoff with the trial judge’s decision upholding the default termination, all force reversal on the cost setoff. After a default the Government has a reasonable time in which to exercise its power to terminate.
The liquidated damage problem is as follows: the pertinent contract clause provided that in case of a default termination, liquidated damages should run “until such time as the Government may reasonably provide for the procurement of similar supplies.” This is an instance of perfect ambiguity. It may mean, until the time when the Government awards a reprocurement contract. It may mean, the delivery date of the similar supplies as reasonably provided in the reprocure *861 ment contract. The trial judge relying on some Board precedents, opts for the former. The Board apparently selected the latter. The difference — 58 days — is awarded by the Board and denied by the trial judge.
Ordinarily the rule of contra 'proferentem, would resolve the ambiguity. Here it does not, because the plaintiff did not ever reasonably rely on the trial judge’s interpretation. Young Associates, Inc. v. United States, 200 Ct. Cl. 438, 471 F. 2d 618 (1973). By its action or inaction, it indicated its adoption of the Board’s. When both parties join in a de facto interpretation of a contract, this can overcome even unambiguous contract language to the contrary. Gresham & Co. v. United States, 200 Ct. Cl. 97, 470 F. 2d 542 (1972). The trial judge says, referring to a similar but different non-ambiguous clause in other Government contracts, “Without doubt the Government intended the same result by both versions * * If the trial judge could see this, the contractor when signing the contract could have seen it .too. The art of contract interpretation is to effectuate the intent of the parties, not to frustrate it. As construed by the trial judge, the clause would fail to effectuate its obvious purpose, because as he recognizes, the damage due to the default persists until the delivery of the reprocurement items. The longer the re-procurement lead time, the greater the failure of the clause. Thus there is no basis to apply contra proferentem, when nobody actually relies on the reading least favorable to the dratfsman, and that alternative is seen manifestly to frustrate the purpose of the clause to be construed. Here the ambiguity is resolved by the most casual consideration of the purpose of the clause.
Accordingly, the petition is dismissed and judgment is entered for defendant on the counterclaim in the total amount of $29,853.43, plus interest at 6% from August 8, 1969.